Samuel J. Silverman, J.
In this article 78 proceeding, the petitioner seeks to overturn a determination of respondent, New York State Division of Housing and Community Renewal, made pursuant to section 31 (subd. 2, par. [a]) of the Private Housing Finance Law. The determination complained of ordered moneys payable as child support pursuant to a divorce decree to be included in probable “ aggregate annual income ” of one-parent families residing in State financed housing accommodations, for the purpose of fixing the rent to be charged such families.
The relevant portion of the Private Housing Finance Law, reads as follows: “ 2. (a) The dwelling * * * accommodations * * * in a company project shall be available for persons or families of low income, whose probable aggregate annual income at the time of admission and during the period of occupancy does not exceed six times the rental, including the value or cost to them of heat, light, water and cooking fuel, of the dwellings that may be furnished to such persons or families * * * The 1 probable aggregate annual income ’ in the case of dwelling accomodations means the annual income of the chief wage earner of the family, plus all other income of other adult members of the family, plus a proportion of the income of gainfully employed minors * * '* provided that the commissioner or supervising agency, as the case may be, may make rules and regulations relative to the allocation of the income of a family among the members thereof for the purpose of determining the income attributable to such occupant.”
*717 I think the determination by respondent to include in petitioner’s probable aggregate annual income the amount of child support payments is within the authority granted to it pursuant to statute and is neither arbitrary nor capricious.
If both parents were living together, there would be no reason to exclude from the calculation of income the portion of the father’s income devoted to the support of his children. I see no valid reason for a difference when the father is living out of the home but devoting a portion of his income to the support of the children living with the mother.
Part of the father’s obligation to provide support for his children is an obligation to provide them with shelter, and part of his payment is therefore reasonably allocable to the children’s shelter. The effect of including these payments in the calculation of “ probable aggregate annual income ” is to allocate one sixth of the payments to paying for shelter (including utilities) for the children. This is neither an unrealistic nor an unreasonable allocation, and well within respondent’s statutory power to 1 ‘ make rules and regulations relative to the allocation of the income of a family among the members thereof for the purpose of determining the income attributable to such occupant.”
Judgment is directed dismissing the petition.
(On reargument, April 16, 1973.)
Considering the letter of April 9,1973 from petitioner’s attorney as a motion for reargument, the motion is denied.
It is true that, due to inadvertent errors in excerpting the statute in the respondent’s brief, the court referred to the “ provided ” clause of the statute as applicable to the present case. But quite without regard to that clause, my decision is the same, for the other reasons stated in my decision. For present purposes, the payment by the father to the mother for the child’s support may fairly be considered as part of either ‘1 the annual income of the chief wage earner of the family ” or of ‘ ‘ all other income of other adult members of the family ’ ’ which the statute requires to be included in the ‘ ‘ probable aggregate annual income ”.